UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN MCCARRICK f/k/a
Susan C Bageris,,

    Plaintiff,                                  Civil No. 13-CV-11292
                                            HONORABLE DENISE PAGE HOOD
v.                                         UNITED STATES DISTRICT JUDGE

WELLS FARGO BANK, N.A.,
LAKEWOOD HOME FINANCE, INC.,
and US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR SASCO MORTGAGE
LOAN TRUST 2005-WF2,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [#2] AND DISMISSING THIS ACTION, WITH PREJUDICE

This matter comes before the Court on Defendants, Wells Fargo Bank, N.A., and U.S. Bank National Association, as Trustee for Sasco Mortgage Loan Trust 2005-WF2's, Motion to Dismiss and/or for Summary Judgment. **[Docket No. 2, filed on March 28, 2013]** Plaintiff filed a response on April 18, 2013. **[Docket No. 4]** Defendants did not file a reply. For the reasons stated below, Defendants' Motion to Dismiss and/or for Summary Judgment is **GRANTED** and this action is **DISMISSED**.

1

I.     BACKGROUND

This matter involves a certain property located at 4133 Chenlot in the Township of Waterford, County of Oakland, State of Michigan. The Complaint was initially filed in Wayne County Circuit Court on February 14, 2013, and removed to this Court on March 22, 2013.

On January 28, 2005, Plaintiff (then Susan Bageris), along with a Theodore Bageris, executed a loan with Wells Fargo Bank, N. A.[1] in the amount of $80,000. **[Docket No. 2, Ex. 1]** The mortgage was recorded on February 25, 2005, in Liber 35047, Page 593 with the Oakland County Register of Deeds. **[Docket No. 2, Ex. 2]** The Note was secured by a mortgage. **[Docket No. 2, Ex. 1]** On June 30, 2011, Wells Fargo assigned the Loan and Mortgage to U.S. Bank National in its capacity as trustee of the SASCO Mortgage Loan Trust 2005-WF2. **[Docket No. 2, Ex. 3]** This Assignment was recorded in Liber 43189, Page 247 of the Oakland County on July 7, 2011. **[Docket No. 2, Ex. 3]**

Plaintiff alleges that the mortgage that Plaintiff actually received was "only fixed for 3 years at 5.625%, after which time it became an adjustable rate

---

[1] In Plaintiff's Complaint, she states that Lakewood Home Finance, Inc., "filled out the initial application" and "provided no disclosures prior to the date of closing, January 28, 2005." However, the Court notes that the mortgage document lists "WELLS FARGO BANK, N.A." as the lender.

2

mortgage." **[Docket No. 1]** Plaintiff further contends that a pre-payment penalty was also included without disclosure and that the lender failed to provide Plaintiff the disclosures, "robb[ing] plaintiff of any reasonable opportunity to review the loan terms."

Plaintiff defaulted on the loan by failing to make her mortgage payments when they came due leading to foreclosure proceedings by advertisement. As required by M.C.L. § 600 3205a(1), Plaintiff was sent a notice of her right to seek a meeting with the lender to discuss a possible loan modification on August 1, 2012. The letter stated:

> The loan with relation to this mortgage is in default for failure to make monthly payments. The amounts that are currently due and owing under the mortgage loan are as follows:
>
> - 20 Payments at a monthly amount of $460.65, for a total of $9,213.00
> - Escrow Payments of $5,201.40
> - Late Charges amount of $437.54
>
> TOTAL: $ 14,851.94

**[Docket No. 2, Ex. 5]**

Plaintiff was instructed that there was a "30 day deadline for response" in which Plaintiff could request a meeting to modify the loan payments. Plaintiff was advised that if an agreement were reached to modify the mortgage loan, the

mortgage would not be foreclosed if Plaintiff abided by the terms of the agreement. If an agreement was not reached, Plaintiff was told that foreclosure would proceed. Plaintiff failed to respond within 30-days to request a meeting.

On August 17, 2012, Plaintiff, through her attorney, informed Defendant Wells Fargo that Plaintiff was represented by counsel and that all future communications should be made through Plaintiff's counsel. **[Docket No. 2, Ex. 6]** Plaintiff failed to timely respond and request loan modification. Defendants proceeded with foreclosure of the property and the property was subsequently sold at a Sheriff's Sale on October 16, 2012, to U.S. Bank National. **[Docket No. 2, Ex. 7]** Pursuant to M.C.L. 600.3240(8), Plaintiff had six months, or until April 16, 2013, to redeem the property.

On February 14, 2013, Plaintiff filed the instant Complaint in Wayne County Circuit Court. Plaintiff alleged: Fraud and Misrepresentation (Count I); Common Law Rescission and/or Reformation (Count II); Quiet Title (Count III); Violation of the Credit Repair Organizations Acts (Count IV); Violation of the Federal Truth In Lending Act, Real Estate Settlement Procedures Act, And Federal Reserve Regulation Z (Count V); Injunctive Relief (Count VI); and Equitable Right of Recoupment (Count VII). Plaintiff alleges that she applied for a loan modification and was found qualified. However, the Court notes that neither the letter notifying

4

Plaintiff of her right to seek a loan modification nor the Loan Modification Calculation Sheet indicate that Plaintiff was qualified for a loan modification. There is also no indication that Plaintiff attempted to redeem the property. Plaintiff contends that U.S. Bank National had no standing to foreclose on the property.

## II.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must consider all evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 391. A material fact is genuine, and the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

**III. ANALYSIS**

    **A. Fraud and Misrepresentation [Count I]**

Plaintiff alleges that "Defendants['][2] . . . representations, both verbal and through their disclosures, up to and through closing, were material representations

---

[2] The Court assumes Plaintiff is referencing Defendants Wells Fargo Bank, the lender, and Lakewood Home Finance, Inc. The Court notes that Lakewood, though referenced, does not appear in the documents signed by Plaintiff and Defendants Wells Fargo Bank and U.S. Bank National do not discuss Lakewood in the instant Motion.

to plaintiff regarding her qualification for the loan and ability to repay it." **[Docket No. 1, Pg ID 19]** Specifically, Plaintiff claims that she sought a fixed rate mortgage. She obtained a loan through Wells Fargo Bank, N.A.,[3] but instead of the fixed rate mortgage that she sought, Plaintiff actually received an adjustable rate mortgage. The Court notes that the mortgage document states that the interest rate "may change on the first day of February, 2008, and may change on that day every sixth month thereafter." **[Docket No. 2, Pg ID 70]** Plaintiff was also advised that the new interest rate would be calculated "by adding three and three-eighths percentage points (3.372%) to the current index." **[Id.]** Plaintiff signed this document.

    Under Michigan law, fraud requires proof that (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew the representation was false or made the representation recklessly as a positive assertion; (4) the defendant made the statement intending that the plaintiff would rely on it; (5) the plaintiff reasonably relied on it; and (6) the plaintiff was injured as a result. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100–01 (6th Cir. 2010) (citing *Cummins v. Robinson Twp.,* 770 N.W.2d 421, 435 (2009)). Any allegations of

---

[3] Again, in Plaintiff's Complaint, Lakewood is listed as the entity who gave Plaintiff an adjustable rate mortgage. Wells Fargo Bank is, however, listed as the lender on the mortgage documents.

fraud must satisfy Rule 9(b) heightened pleading requirements. *See* Fed. R. Civ. P. 9(b) (requiring "a party [to] state with particularity the circumstances constituting fraud or mistake."). A plaintiff's complaint must identify the fraudulent statements, the speaker, when and where the statements were made, and why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)). "At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied." *Id.*

The Court dismisses Plaintiff's fraud claim because it is vague and does not satisfy the heightened pleading requirements of Rule 9(b). It appears that Plaintiff is attempting to allege that Lakewood made certain statements that caused Plaintiff to enter into an adjustable rate mortgage and not a fixed rate mortgage. Fatal to Plaintiff's claim is her failure to provide any details about the substance of the statements made to her and who made them. Even if the Court found that Plaintiff adequately plead fraud, she cannot demonstrate reasonable reliance on the misrepresentations because it is well established pursuant to Michigan law that "one who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms." *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 567, 596 N.W.2d 915 (1999)

8

(quoting *Komraus Plumbing & Heating, Inc v Cadillac Sands Motel, Inc*, 387 Mich. 285, 290; 195 N.W.2d 865 (1972)). Plaintiff's "failure to read [the mortgage] is not a valid defense to [its] enforcement". *Montgomery v. Fid. & Guar. Life Ins. Co.*, 269 Mich. App. 126, 130, 713 N.W.2d 801 (2005).

Plaintiff argues that her claim is for fraudulent inducement. However, this does not save her claim as she has not indicated with any specificity when the statements were made, who exactly made the statements, and the content of the statements. She has not shown that she reasonably relied on any statements made prior to execution of the mortgage when she had the opportunity (and does not allege otherwise) to review and read the terms of the mortgage.

Plaintiff's claim is also barred by the statute of limitations. The statute of limitations in Michigan for a claim of fraud or misrepresentation is six years. Mich. Comp. Laws § 600.5813. Plaintiff claims that she was fraudulently induced into the mortgage back in January 2005. The statute of limitations has long expired. Plaintiff's allegations of concealed fraud save her. *See* Mich. Comp. Laws § 600.5855 (imposing two year statute of limitations from the date a claim was or could have been discovered when the defendant has concealed the existence of the claim). Plaintiff does not present any facts that would support her claim that she only knew about the adjustable rate mortgage within the past two years. She

does not allege any affirmative act or misrepresentation by Defendants to conceal the cause of action. *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 642, 692 N.W.2d 398 (2004). The mortgage itself indicates what interest rate will be charged. Plaintiff could have discovered this information by a simple reading of the mortgage will be charged. The Court dismisses Plaintiff's fraud claim because it is inadequately plead and it is barred by the statute of limitations. [Count I].

### B. Rescission and/or Reformation [Count II]

"Michigan courts sitting in equity have long had the power to reform an instrument that does not express the true intent of the parties as a result of fraud, mistake, accident, or surprise." *51382 Gratiot Ave. Holdings, LLC v. Chesterfield Dev. Co., LLC*, 835 F. Supp. 2d 384, 404 (E.D. 2011) (citing *Scott v. Grow*, 301 Mich. 226, 3 N.W.2d 254, 258-59 (1942)). Contract rescission requires:

> (1) a seasonable assertion of the rescission right; (2) tender of the consideration and benefits received; and, (3) demand for repayment of any price paid. *See Mesh v. Citrin*, 299 Mich. 527, 300 N.W. 870, 872 (1941). The party seeking rescission must first return the other party to the pre-contract status quo, *McIntosh v. Fixel*, 297 Mich. 331, 297 N.W. 512, 518 (1941), and rescission is not available to a party who has failed to make payments required by a contract and is thus in default. *Hafner v. A.J. Stuart Land Co.*, 246 Mich. 465, 224 N.W. 630, 631 (1929).

*Heidtman Steel Prods., Inc. v. Compuware Corp.*, 178 F. Supp. 2d 869, 879 (N.D. Ohio. 2002).

Plaintiff's claims fail for several reasons. First they are inadequately plead. Plaintiff cannot claim that she made a seasonable assertion for rescission. The mortgage was executed in 2005. Plaintiff only filed this action in 2012. She has not alleged that she made any attempt to return Defendants to the pre-contract status quo nor that she has the ability to do so. Further, Plaintiff is in default of the mortgage.

Plaintiff's claims are also subject to the six-year statute of limitations because it is based on a theory of fraud. *Miller v. Pathway Fin.,* 2013 U.S. Dist. LEXIS 61686, 12, 2013 WL 1821252 (E.D. Mich. Apr. 30, 2013) (Borman, J.). As stated above, Plaintiff bases her cause of action on events that took place on or before January 2005. She has not alleged any affirmative act by the Defendant to conceal the basis for the cause of action. The Court dismisses Plaintiff's rescission and reformation claims because they are inadequately plead and barred by the statute of limitations.

    **C.**     **Quiet Title [Count III]**

11

11

An action for quiet title must demonstrate "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." M.C.R. § 3.411(B). The plaintiff must also attach "a statement of the title on which the pleader relies, showing from whom the title was obtained and the page and book where it appears of record." *Id.* at § 3.411(C)(2). The plaintiff has the initial burden of proof. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Road Com'n*, 600 N.W.2d 698, 700 (Mich. App. 1999). Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed. *Johns v. Dover*, No. 291028, 2010 WL 2696656 (Mich. Ct. App. July 8, 2010) (unpublished). Quiet title is a remedy and not a separate cause of action. *Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484, 2012 WL 1816233, *4 (6th Cir. 2012) (unpublished). Given that Plaintiff's quiet title claim is based on fraud and Plaintiff has not adequately plead a cause of action for fraud, the Court likewise dismisses Plaintiff's claim for quiet title [Count III]. Additionally, Plaintiff's quiet title claim is subject to a six year statute of limitations and therefore barred, her claim having arisen in 2005. *See Miller*, 2013 U.S. Dist. LEXIS 61686, at *12.

### D.     Credit Repair Organization Act [Count IV]

Plaintiff alleges that Defendants violated the Credit Repair Organizations Act, 15 U.S.C. § 1679a. Defendants argue that because they are depository institutions and not credit repair organizations the Act is not applicable to them. Plaintiff does not respond to this argument in her responsive brief but conceded this point at oral argument  The Court dismisses Count IV of Plaintiff's complaint.

### E. TILA and RESPA Violations [Count V]

Plaintiff claims that Defendants (whom the Court assumes to be Wells Fargo Bank and Lakewood Home Finance) violated TILA and REPSA in Count V of her complaint by failing to provide accurate, material, or timely disclosures, charging unreasonable fees, and understating finance charges. Plaintiff's TILA and RESPA claim are barred by the statute of limitations. 15 U.S.C. § 1640(e) (providing that any TILA action must be "brought . . . within one year from the date of the occurrence of the violation . . . ."); 12 U.S.C. § 2614 (providing that an action under RESPA must be brought "within 3 years . . . of a violation of § 2605 and 1 year . . . of a violation of § 2607 or § 2608 from the date of the occurrence of the violation . . . ."). Plaintiff's alleges a violation that occurred in January 2005. The statute of limitations has long lapsed. The Court dismisses Count V of Plaintiff's complaint.

### F. Injunctive Relief [Count VI]

Plaintiff asks that the Court enjoin any eviction proceedings. Injunctive relief is an equitable remedy and not a separate cause of action. *Warner v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 41847, 17–19, 2013 WL 1281932 (E.D. Mich. Mar. 26, 2013) (Duggan, J.) The Court dismisses Plaintiff's claim for injunctive relief because she has not demonstrated that she is entitled to relief. *See Id.*

### G. Equitable Recoupment [Count VII]

In her claim for equitable recoupment, Plaintiff essentially asks the Court to set aside the foreclosure.

> Recoupment is an affirmative defense and "is, in effect, a counterclaim or cross action for damages." *McCoig Materials, L.L.C. v. Galui Constr., Inc.*, 295 Mich. App. 684, 694, 818 N.W.2d 410, 416 (2012) (citation omitted). Recoupment is traditionally used by defendants in contract actions as a means of demonstrating an equitable basis for reducing the plaintiff's recovery by any claim the defendant may have to damages arising out of the same contract or transaction. *Id.* at 695, 818 N.W.2d at 417 (citation omitted).

*Warner*, 2013 U.S. Dist. LEXIS 41847 at 19–20. Plaintiff has not made any allegations of breach of contract. Rather she has based her cause of action primarily on Defendants' alleged fraud. The Defendants have not made any claim against her for damages. There is not a basis for rescinding the foreclosure. In any event, Plaintiff has not demonstrated that she is entitled to any relief. The Court dismisses Plaintiff's claim for equitable recoupment as well.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss and/or for Summary Judgment **[Docket No. 2, filed March 28, 2013]** is **GRANTED** and this action **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager